UNITED STATES DISTRICT COURT

DISTRICT OF NEBRASKA

| | |
|---|---|
| VERYL JEFFERSON | ) Case No.: |
| | ) |
|        Plaintiff, | ) COMPLAINT FOR DAMAGES RE: |
|    vs. | ) VIOLATION OF CIVIL RIGHTS ON |
| | ) BASIS OF DISCRIMINATION IN |
| 3170, LLC.; BOOST MOBILE; | ) PUBLIC ACCOMMODATIONS; |
| AMERICA TAX SERVICE; MARK G. | ) |
| CRAFT, | ) |
| AND DOES 1-5 Inclusive, | ) |
| | ) |
|       Defendants. | ) |
| | ) |
| _____ | ) |

## JURISDICTION AND VENUE

1. (a) Jurisdiction of this action is invoked on the basis of *28 U.S.C. 1331 and 1343,42 U.S.C. 12101-12102, 12181-12183 and 12201, et. seq.* Jurisdiction is also invoked pursuant to *42 U.S.C. 1981* [Civil Rights Act of 1991], et seq, which is applicable to causes of action where persons with disabilities have been denied their civil rights. Venue in the Judicial District of Nebraska in the United States District Court is in accord with *28. U.S.C. section 1391(b)* because a substantial part of plaintiff's claims arose within the Judicial District of the United States District Court of the District of Nebraska.

(b) Supplemental Jurisdiction. The Judicial District of the United States District Court of the District of Nebraska has supplemental jurisdiction over the state claims alleged in this Complaint pursuant to *28 U.S.C. section 1367(a).* Supplemental

jurisdiction is appropriate in this action on the basis that all the causes of action or claims derived from federal law and those arising under state law, as herein alleged, arose from a common nucleus of operative facts. The common nucleus of operative facts, include, but are not limited to, the incidents whereby plaintiff was denied full and equal access to Defendant's facilities, goods, and/or services in violation of both federal and state laws when plaintiff attempted to enter, use, and/or exit Defendant's facilities as described within this Complaint. Further, due to this denial of full and equal access Plaintiff and other person's with disabilities were injured. Based upon such allegations the state actions, as stated herein, are so related to the federal actions that they form part of the same case or controversy, and the actions would ordinarily be expected to be tried in one judicial proceeding.

**PARTIES**

2. Defendants, 3170,LLC.; MEGA SAVER; BOOST MOBILE; AMERICA'S TAX SERVICES and MARK G. CRAFT are and at all times herein mentioned was a duly organized business, association, or corporation duly authorized to exist and operate within the State of Nebraska and County of Douglas and the owner, lessee, or tenant of the premises located at 3170 Leavenworth Street, Omaha, Nebraska 68132.

3. Plaintiff is informed and believes and thereon alleges that defendants 3170, LLC., and Mark G. Craft, are the owners and/or landlord of defendant 3170, LLC.

4. Plaintiff is informed and believes and thereon alleges that each of the named defendants herein operates a business and or/facility of public accommodation as defined and described within *42 U.S.C. 12181(7)(A)through(L)* of the American with Disabilities Act [ADA] and as such must comply with the ADA under provisions of Title III therein.

5. Plaintiff is ignorant of the defendants sued as Does 1-5 herein, and therefore sues them in their fictitious names as Doe defendants. Plaintiff is informed and believes and thereon alleges that Does 1-5 are the owners, operators, lessees or tenants of the subject property and each of the Doe defendants at all times herein was acting as the agent and or representative of each other and thereby are responsible in some manner for the injuries and damages complained of herein. Plaintiff will seek leave of court to amend this complaint to name Doe defendants when the same is ascertained.

### GENERAL ALLEGATIONS COMMON TO ALL CLAIMS

6.   Plaintiff is who is disabled and has limited mobility when walking and standing. He has limited control over his lower extremities but is able to transport himself and to affect the basic necessities of his everyday existence. Plaintiff's disability substantially limits one or more of life's major activities and therefore he is disabled as defined under *42 USC 12102(2)(A)(B)(C)*.

7. On or about **December 5,2015,** plaintiff attempted to enter the subject premises of the defendants herein to utilize goods and/or

services offered by defendant Boost Mobile. When Plaintiff attempted to enter the commercial building he had difficulty entering and using the facility because it failed to comply with federal ADA Access Guidelines For Building and Facilities [hereinafter "ADAAG"].

8. The specific difficulty Plaintiff had in entering and utilizing Defendants' facility and which amount to a violation of ADAAG are:

 **(a) Designated disabled parking spaces are insufficient and in violation of ADAAG section 4.6.**

 **(b) Failure to provide adequate access aisle in violation of (ADAAG 4.6.3)**

 **(c) Failure to provide disabled parking space signage at proper height. (ADAAG 4.6.4)**

 **(d) Failure to provide unobstructed view of disabled parking signage in violation of ADAAG 4.6.4**

 **(e) Failure to provide Parking Space Emblem — Proper Size (ADAAG 4.6.4)**

 **( f ) Failure to provide Designated Disabled "VAN ACCESSIBLE" Parking-  Space (ADAAG 4.1.2(5)(b))**

 **( g ) Failure to provide Designated Disabled "VAN ACCESSIBLE" Parking Space- Signage (ADAAG 4.1.2(5)(b))**

  **(i) Failure to provide Signage Installed -(Each Space) (ADAAG 4.6.4)**

9. Based upon the above facts, Plaintiff as been discriminated against and will continue to be discriminated against unless and until Defendants are enjoined and forced to cease and desist from continuing to discriminate against Plaintiff and others similarly situated.

10. Pursuant to federal [ADA], Defendants are required to remove barriers to their existing facilities. Defendants have been put on notice pursuant to the ADA prior to the statutory effect of the ADA on January 26, 1992 that Defendants and each of them had a duty to remove barriers to persons with disabilities such as plaintiff. Defendants also knew or should have known that individuals such as plaintiff with a disability are not required to give notice to a governmental agency prior to filing suit alleging Defendants' failure to remove architectural barriers.

11. Plaintiff believes and thereon allege that Defendants' facilities, as described herein, have other access violations not directly experienced by Plaintiff, which preclude or limit access by others with disabilities. Accordingly, Plaintiff alleges Defendants are required to remove all architectural barriers, known or unknown. Also, Plaintiff alleges Defendants are required to utilize the ADA checklist for Readily Achievable Barrier Removal approved by the United States Department of Justice and created by Adaptive Environments.

12.  Plaintiff desires to return to Defendants' places of business and utilize their facilities without being discriminated against in the immediate future.

**IV**

**FIRST CAUSE OF ACTION**

**(Violation of Civil Rights-American With Disabilities Act)**

13. Plaintiff realleges the allegations in paragraphs 1 through 12 as though set forth fully herein.

**Claim 1: Denial of Full and Equal Access**

14. Based on the facts asserted above Plaintiff has been denied full and equal access to Defendants' goods, services, facilities, privileges, advantages, or accommodations. Defendant Boost Mobile is a public accommodation owned, leased and/or operated by Defendants and each of them. Defendants' existing facilities and/or services failed to provide full and equal access to Defendants' facility as required by 42 U.S.C. section 12182(a). Thus, Plaintiff was subjected to discrimination in violation of 42 U.S.C. 12182(b)(2)(A)(ii)(iv); 42 USC 1981 and 42 U.S.C. section 12188 because Plaintiff was denied equal access to Defendants' existing facilities.

15. Plaintiff has a physical impairment as alleged herein because his condition affects one or more of the following body systems: neurological, musculoskeletal, special sense organs, and/or cardiovascular. Further, his physical impairments substantially limits one or more of the following major life activities. In addition, Plaintiff cannot perform one or more of the said major life activities in the manner speed, and duration when compared to the average person.  Moreover, Plaintiff has a history of or has been classified as having a physical impairment as required by *42 U.S.C. section 12102(2)(A).*

**Claim 2: Failure To Remove Architectural Barriers**

16.  Based upon the facts alleged herein, Plaintiff was denied full and equal access to Defendants' goods, services, facilities, privileges, advantages, or accommodations within a public

accommodation owned leased, and/or operated by the named Defendants. Defendants individually and collectively failed to remove barriers as required by *42 U.S.C. 12182(a).* Plaintiff is informed and believes, and thus alleges that architectural barriers which are structural in nature exist at the following physical elements of Defendants' facilities:

Space Allowance and Reach Ranges, Accessible Route, Protruding Objects, Ground and Floor Surfaces, Parking and Passenger Loading Zones, Curb Ramps, Ramps Doors, Entrances, and Signage. Pursuant to *42 USC section 12182(b)(2)(iv)*, Title III requires places of public accommodation to remove architectural barriers that are structural in nature within existing facilities. Failure to remove such barriers and disparate treatment against a person who has a known association with a person with a disability are forms of prohibited discrimination. Accordingly, Plaintiff was subjected to discrimination in violation of *42 U.S.C. 12182(b)(2)(A)(iv) and 42 U.S.C. 12182 (b)(2)(A)(iv); 42 U.S.C. 1981 and 42 U.S.C. 12188.*

**Claim 3: Failure To Modify Practices, Policies And Procedures**

17. Based on the facts alleged in this Complaint Defendants failed and refused to provide a reasonable alternative by modifying its practices, policies and procedures in that they failed to have a scheme, plan, or design to assist Plaintiff and/or others similarly situated in entering and utilizing Defendants' services, as required by *42 U.S.C. section 12188(a).* Thus, Plaintiff was subjected to discrimination in violation of *42 U.S.C. section 12182(b)(2)(A)(iv); 42 U.S.C. 1981 and 42 U.S.C. section 12188*

because Plaintiff was denied equal access to Defendants' existing facilities.

18. As a result of the wrongful and discriminatory practices of defendants, plaintiff has suffered actual damages consisting of special damages and general damages in an amount to be determined at time of trial herein.

19. Pursuant to the provisions of *42 U.S.C. 12188* plaintiff seeks injunctive relief and an order directing defendants to cease and desist from discriminating against plaintiff and others similarly situated and for an order that defendants comply with the Americans With Disabilities Act forthwith.

20. Under the provisions of *42 U.S.C. 12205* plaintiff is entitled to an award of reasonably attorneys fees and costs and requests that the court grant such fees and costs as are appropriate.

## SECOND CAUSE OF ACTION

### (Violation of Civil Rights 42 U.S.C. 1991)

21. Plaintiff realleges the allegations of the First Cause of Action as though set forth fully herein.

22. The provisions of *42 U.S.C. 1981* (As amended by the Civil Rights Act of 1991) provide that Plaintiff as a person with disabilities cannot be discriminated against with regard to the ability to enter into, to make or to enforce contracts. In enacting the Civil Rights Act of 1991 congress established a three tier system of remedies for a broad range of discretionary

conduct, including violations of the Americans With Disabilities Act, wherein disabled individuals such as plaintiff are denied equal access to facilities they wish to conduct business in and therefore are precluded from making, entering into and enforcing contracts that plaintiff and others similarly situated may desire to effect.

23. Defendants, because they have individually and/or collectively denied plaintiff access to their premises, goods and services, have denied him the right to make, enter into or enforce a contract and therefore have violated the provisions of *42 U.S.C. 1991* all to Plaintiff's damage in an amount to be determined at time of trial herein.

24. As a result of Defendants' actions Plaintiff was humiliated, embarrassed and discouraged and upset emotionally and physically and suffered damages according to proof.

25. By reason of Defendants' actions Plaintiff was caused to incur costs and expenses of litigation, including attorney's fees, to seek and redress his civil rights. Plaintiff therefore seeks an award of costs and attorney's fees associated with the necessity of brining this lawsuit.

### THIRD CAUSE OF ACTION

**(Violation Of Civil Rights Under Nebraska Accessibility Laws)**

26.   Plaintiff realleges the allegations of the Second Cause of Action as though set forth fully herein.

**(a)   Denial Of Full And Equal Access**

27. Plaintiff has been denied full and equal access to Defendants' goods services, facilities, privileges, advantages, or accommodations within a public accommodation owned, leased, and/or operated by Defendants in violation of *Neb. Rev. Stat. 20-132.*

**(b)   Failure To Modify Practices, Policies And Procedures**

28.   Defendants have failed and refused and continue to fail and refuse to provide a reasonable alternative to allow plaintiff equal access to their facility by modifying their practices, policies, and procedures in that that they failed to have s scheme, plan, or design to assist Plaintiff and others similarly situated in entering and utilizing Defendants' goods or services. Accordingly Defendants have wrongfully discriminated against Plaintiff.

**FOURTH CAUSE OF ACTION**

**(Violation of Civil Rights Act)**

29. Plaintiff realleges the allegations of the Third Cause of Action as though set forth fully herein.

30. Defendants are in violation (b) by failing and refusing to provide free and equal access to Plaintiff to their facility on the same basis as other persons not disabled. By their failure to provide equal access to Plaintiff as herein alleged, Defendants have also violated *42 U.S.C. section 12182(b)(2)(A)(iv).*

31. Defendants and each of them, at all times prior to and including **December 5, 2015** respectively and continuing to the present time, knew that persons with physical disabilities were denied their rights of equal access to all portions of this public facility. Despite such knowledge, Defendants, and each of them, failed and refused to take steps to comply with the applicable access statutes and despite knowledge of the resulting problems and denial of civil rights suffered by Plaintiff and other similarly situated persons with disabilities.

32. Defendants and each of them have failed and refused to take action to grant full and equal access to person with physical disabilities. Defendants have carried out a course of conduct of refusing to respond to, or correct complaints about unequal access and have refused to comply with their legal obligations to make the subject facility accessible pursuant to ADAAG. Such actions and continuing course of conduct by Defendants, and each of them, evidence despicable conduct in conscious disregard of the rights and/or safety of Plaintiff and those similarly situated and thus justify an award of treble damages or alternatively an award of punitive damages in an appropriate amount.

33. Plaintiff has suffered emotional and physical damage and continues to suffer such damages all in an amount to be determined at time of trial.

34. Plaintiff seeks an award of reasonable attorney's fees and costs as a result of having to bring this action. Plaintiff requests the court to award such fees in an appropriate amount.

**DEMAND FOR JURY**

35. Plaintiff respectfully requests that the claims made herein be heard and determined by a jury.

WHEREFORE PLAINTIFF PRAYS:

1. For general damages according to proof;

2. For special damages according to proof;

3. For Injunctive relief pursuant to 42 U.S.C. 12188(a)

4. For an award of attorney's fees pursuant to 42 U.S.C. 1988, 42 U.S.C. 1981, 42 U.S.C. 12205

5. For treble damages

6. For punitive damages according to proof;

7. For a Jury Trial;

8. For costs of suit incurred herein and;

9. For such other and further relief as the court deems proper.

Respectfully submitted,

1

2

3                                          ___/s/ Jackie Barfield___
                                           Jackie Barfield # 19966
4                                          P.O. Box 111435
                                           Omaha, Nebraska 68111
5                                          (402) 212-4928

6                                          Attorney for Plaintiff,

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28